## NELL VICTORIA MOSHER v. STATE.

No. A-8491. Sept. 15, 1933.
Rehearing Denied Oct. 6, 1933.
(25 Pac. [2d] 342.)

Jack W. Page, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, for convenience hereafter referred to as the defendant, was charged by information with the possession of a certain quantity of intoxicating liquor, to wit, one-half gallon of whisky, and was by the verdict of the jury found guilty, but the verdict does not state for what crime defendant was found guilty. The jury fixed her punishment at a fine of $100 and confinement in the county jail for a period of 30 days.

In view of the charge in the information, this court will treat the verdict as finding the defendant guilty of possession of intoxicating liquor with intent to barter, sell, give away, or otherwise furnish to others. The evidence on behalf of the state shows the officers went to the home of the defendant with a search warrant and searched her premises and found four pints of whisky in her home. No evidence was introduced on behalf of the state of any effort to sell, give away, or furnish. There is some testimony that a pitcher found in the room had the odor of whisky in it. The defendant offered no testimony.

The question of the intent of the defendant was a question for the jury. The defendant urges that the evidence is insufficient to sustain a conviction. The evidence of the possession of four pints of whisky does not necessarily prove guilt. It is merely prima facie evidence. Such evidence may be rebutted and the contrary shown, or without any explanation the jury may disbelieve the evidence of the state, or may have a reasonable doubt of the intent to violate, notwithstanding the proof

of possession. The matter of intent when coupled with possession is largely a matter of fact to be determined by the jury, and from the very nature of the intent is not susceptible of being proven by direct and positive evidence, but must be proven by circumstances; just what circumstances would be sufficient in any case cannot be defined by any fixed rule. The jury heard the evidence of the possession of the whisky, and by its verdict found the defendant guilty and fixed her punishment.

The defendant was accorded a fair and impartial trial. The judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.